EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7964
     Facsimile: (213) 894-0141
     E-mail:    joseph.axelrad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-642 |
|---|---|
| Plaintiff, | GOVERNMENT'S MEMORANDUM ON FURTHER EVIDENTIARY HEARING RE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |
| v. | |
| JORGE LUIS SOLORIO MENDOZA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph D. Axelrad, hereby files its Memorandum on Further Evidentiary Hearing Re Defendant's Motion to Suppress Evidence.

//

//

//

This Memorandum is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 8, 2016              Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   */s/ Joseph Axelrad*
                                  JOSEPH D. AXELRAD
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant's withdrawal of his declaration in support of his motion to suppress leaves no contested issues of fact for the Court to consider at a further evidentiary hearing. In relevant part, defendant's declaration asserts facts which address two of the observations made by Deputy John Leitelt that formed his reasonable suspicion of drug trafficking.[1]

Specifically, defendant's declaration asserts that a "Marcos Macias" provided him with the Mercedes he was driving at the time of his arrest and that he was returning home after driving "Marcos" to Los Angeles International Airport. These asserted facts purport to contest some of Dep. Leitelt's observations that formed the basis for his reasonable suspicion, namely, that defendant did not immediately know the true owner of the car he was driving and his nonsensical and unbelievable explanation for his travels.

Without his declaration, there are simply no contested facts that remain for the Court's consideration. Rather, defendant seeks a further evidentiary hearing in a transparent attempt to create an issue where none exists. Indeed, defense counsel stated at the March 1, 2016, hearing that defendant's purpose in seeking a further evidentiary hearing was simply to cross-examine Dep. Leitelt in the hope that he testifies differently than his arrest report. But seeking to impeach a government witness is neither the function nor

---

[1] The remainder of defendant's declaration relates to factual assertions concerning defendant's standing to contest the search of the Mercedes he was driving at the time of his arrest.

the purpose of an evidentiary hearing. As such, the Court should deny defendant's request for a further evidentiary hearing.[2]

## II. FACTUAL BACKGROUND[3]

On October 28, 2014, Dep. Leitelt conducted a traffic stop after observing defendant, without reason, suddenly and aggressively apply the brakes to the car he was driving. During the traffic stop to warn or cite defendant, and check on his welfare, Dep. Leitelt made the following observations: (1) the strong scent of fabric softener emanating from the car defendant was driving, (2) the car was not registered to defendant, (3) defendant could not immediately identify the car's true owner, (4) defendant appeared nervous when responding to Dep. Leitelt's questions, (5) defendant stated that he had driven "Marcos" to the airport but could not tell Dep. Leitelt where "Marcos" was traveling to, (6) defendant offered an otherwise unbelievable and nonsensical explanation for his travels, (7) defendant indicated that another person had accompanied "Marcos" but could not provide any details about that person, and (8) defendant did not know the contents of the car. (See Dkt. No. 64-2).[4]

---

[2] Defendant is simply trying to have it both ways: withdraw his declaration and have a further evidentiary hearing without any contested facts where he cross-examines Dep. Leitelt, while simultaneously seeking to avoid his own cross-examination by the government.

[3] The government only briefly addresses those facts relevant to Dep. Leitelt's reasonable suspicion. The facts of the entire traffic stop and ensuing investigation are more completely addressed in the Court's tentative order denying defendant's motion to suppress and the government's previous filings in opposition to the motion to suppress. (See Dkt. Nos. 64, 78). The government incorporates by reference the facts, exhibits, and arguments made therein.

[4] During the evidentiary hearing on March 1, 2016, the government provided the Court with an exhibit book containing the video of the traffic stop. (See Gov't Exh. Binder, Exh. 2). During the video, defendant can also be heard indicating that he had not
*(footnote cont'd on next page)*

2

In the Incident Report documenting defendant's arrest, Dep. Leitelt further noted that fabric softener is known to him to be used by drug traffickers in an attempt to mask the scent of narcotics and that it is common for drug traffickers to transport narcotics in cars belonging to others in an attempt to disassociate themselves from the narcotics in the car. (Dkt. No. 64-2). In a subsequent declaration, Dep. Leitelt also noted that the Interstate-5 Freeway is a known drug trafficking corridor. (Dkt. No. 64-2, ¶ 3).

Based on these observations, Dep. Leitelt called for the assistance of a narcotics detecting canine. Upon arrival, the narcotics detecting canine positively alerted to a spare tire within the trunk of the Mercedes. The spare tire was found to contain approximately 24 pounds of methamphetamine.

On April 28, 2015, defendant filed a motion to suppress evidence in which he alleged that the traffic stop was unlawfully prolonged without reasonable suspicion and the narcotics detecting canine's positive alert to 24 pounds of methamphetamine was not supported by science. (Dkt. No. 59).[5]

In the government's opposition to defendant's motion to suppress, the government addressed defendant's various arguments and noted that defendant's motion should be denied, for, among other reasons, violating Local Criminal Rule 12-1.1, which requires a defendant to submit a declaration in support of a motion to suppress.

---

been in exclusive possession of the car and that he did not know what was in the car's trunk.

[5] Defendant's motion made several other arguments which the Court has rejected as inappropriate grounds on which to suppress evidence under the Fourth Amendment.

3

Defendant filed a declaration as part of his reply brief. In relevant part, Defendant's declaration states "On October 28, 2014, I was visited by a friend I know as Marcos Macias who arrived in the Mercedes in which I was stopped on Interstate-5 while heading home. Marcos asked me to drive him to Los Angeles International Airport in his car and to then take the car back to my house. I agreed." (Dkt. No. 75-1).

On March 1, 2016, during the evidentiary hearing on defendant's motion to suppress, defendant withdrew his declaration in support of his motion to suppress.

**III. ARGUMENT**

Defendant's withdrawal of his declaration leaves no contested issues of fact relating to Dep. Leitelt's reasonable suspicion and renders any further hearing on the matter unnecessary. An evidentiary hearing is appropriate only when a defendant "makes[s] an offer of proof sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question." United States v. Dicesare, 766 F.2d 890, 896, as amended, 777 F.2d 543 (9th Cir. 1985) (citations omitted) (district court abused discretion because declaration from defendant and entering officer "present directly contradictory accounts of the sequence of events, and thus whether the officers complied with the [knock-and-announce] statute."); see also United States v. Cook, 808 F.3d 1195, 1201 (9th Cir. 2015) ("An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist."); United States v. Howell, 231 F.3d 615, 620

4

(9th Cir. 2000); United States v. Mettle, 570 F. App'x 664, 667 (9th Cir. 2014); United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012); United States v. Quoc Viet Hoang, 486 F.3d 1156, 1163 (9th Cir. 2007); but see United States v. Batiste, 868 F.2d 1089, 1092 (9th Cir. 1989) ("The district court may elect to put the government to its proof at an evidentiary hearing even where, as here, no material facts stated in its papers are in dispute."). Given the weight of authority that an evidentiary hearing is not required absent contested facts, a further evidentiary hearing would be unnecessary and a waste of the Court's time.

Before defendant withdrew his declaration, the two purportedly contested issues were whether defendant was able to immediately recall the true owner of the car he was stopped in and the degree of implausibility to defendant's explanation for his travels. In his declaration, defendant sought to clarify who "Marcos" is by asserting, without any support, that Marcos' last name is the same as the true registered owner. Defendant also asserted that "Marcos" asked defendant to drive him from Delano, CA to LAX. Both of these assertions were aimed at explaining some of various observations made by Dep. Leitelt that formed reasonable suspicion.

With no declaration from defendant, all of Dep. Leitelt's various observations are entirely uncontested. While defendant's briefing to the Court contains a litany of arguments and conclusory allegations, none are supported by clearly articulated facts necessary to justify a further evidentiary hearing. See Mettle, 570

5

F. App'x at 667; see also United States v. Harris, 914 F.2d 927, 933 (7th Cir. 1990).[6]

Without his declaration, all that remains are defendant's conclusory arguments. This is insufficient for an evidentiary hearing. United States v. Licavoli, 604 F.2d 613, 621 (9th Cir. 1979) ("A hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality.") Absent are any alleged facts with "sufficient definiteness, clarity, and specificity" to allow the Court find any contested facts between the parties. Quoc Viet Hoang, 486 F.3d at 1163. Indeed, defense counsel made clear to the Court that he has no good faith basis on which to request a hearing. The Court should reject defendant's requested fishing expedition.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's request for a further evidentiary hearing on the motion to suppress.[7]

---

[6] In Harris, the Seventh Circuit found: "[T]he defendant must demonstrate that a 'significant, disputed factual issue' exists such that a hearing is required. Despite expending a great deal of paper and ink on the subject, Harris has articulated no evidence of such a factual dispute. Harris' unsupported allegation that he did not receive proper Miranda warnings is insufficient to warrant a hearing. Moreover, the series of questions Harris raises in his brief concerning the circumstances of his confession are just that—a series of questions. <u>Not a single contention is backed up by clearly articulated factual charges.</u> None is worthy of a hearing. The trial court did not err by refusing to hold a separate hearing on the request for suppression." 914 F.2d at 933 (internal citations and quotations omitted) (emphasis added).

[7] Defendant filed two briefs the day before the evidentiary hearing on the motion to suppress, seeking to supplement his argument regarding reasonable suspicions and exclude evidence related to the canine's positive alert and certification. (Dkt. Nos. 97, 98). In light of the instant question as to whether a further evidentiary hearing regarding reasonable suspicion is necessary, the government
*(footnote cont'd on next page)*

6

believes any response to defendant's briefing is premature. Similarly, the government assumes defendant's briefing regarding the canine alert and certification is moot in light of Court allowing such testimony and evidence during the evidentiary hearing on March 1, 2016. The government is prepared to respond to either filing should the Court find a response necessary and reserves its right to do so.

7